UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| POLYLOOM CORPORATION OF AMERICA d/b/a TENCATE GRASS NORTH AMERICA, | ) ) ) | Case No. 1:25-cv-14 |
|---|---|---|
| Plaintiff, | ) ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Michael J. Dumitru |
| GRASSROOTS ENVIRONMENTAL EDUCATION, INC. et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff Polyloom Corporation of America doing business as TenCate Grass North America's ("Polyloom's") motion to compel discovery (Doc. 55). For the reasons set forth below, Plaintiff's motion (*id.*) will be **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

This is a defamation action arising from allegedly defamatory statements Defendant Grassroots Environmental Education, Inc. ("Grassroots") made concerning the health risks of artificial turf. (Doc. 28, at 10–11.) Plaintiff alleges that Grassroots and Defendants Kyla Bennett, Jay Feldman, Sarah Evans, and Patricia Wood (collectively "the Individual Defendants") advocate against the use of artificial turf fields. (*See id.* at 2.) Plaintiff further

1

alleges that Grassroots plans to host a webinar ("the Webinar") in which Defendants will make false claims about artificial turf fields.  (*See generally id*.)

On March 20, 2025, Defendants moved to dismiss for lack of personal jurisdiction (Doc. 28) and Plaintiff moved for jurisdictional discovery (Doc. 46).  On May 27, 2025, the Court granted in part Plaintiff's motion for jurisdictional discovery and set an evidentiary hearing for July 14, 2025.  (*See* Doc. 52.)  In its order, the Court limited the scope of jurisdictional discovery.  (*See id*.)  The Court noted that Plaintiff's theory of personal jurisdiction was "suspect" and that the Court "granted this limited discovery with some hesitance."  (*Id*. at 11.)  Nonetheless, the Court permitted Plaintiff to:

1. Serve interrogatories upon all Defendants;
2. Depose a representative of Grassroots; and
3. Seek production of communications between Defendants related to the organization of the Webinar.

(*Id*. at 12.)  The Court made clear that "[n]o other discovery will be granted absent a compelling showing of need and relevancy."  (*Id*.)  The Court specifically noted that "Plaintiff may not seek electronically stored information about the . . . Webinar registrants."  (*Id*. at 11.)

On July 3, 2025, Plaintiff moved to compel discovery of:  (1) "Grassroots' Webinar Invitations to Tennessee Parties" in PDF format; (2) "any data . . . tending to show the geographic location of [Webinar] registrants;" and (3) "any and all Social Media posts" by Defendant Bennett "that reference Polyloom Corporation of America, Polyloom, TenCate Grass North America, or TenCate."  (Doc. 56, at 7–13 (internal quoations omitted).)  Defendants opposes Plaintiff's motion.  (*See* Doc. 57.)  Plaintiff's motion is now ripe.

II. ANALYSIS

Under Rule 37(a), a party may move to compel discovery of relevant information.  *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar.

27, 2017) (citing Fed. R. Civ. P. 37(a)).  The party moving to compel "bears the initial burden of proving that the information sought is relevant[.]"  *Id*. (quoting *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)).  Once the party shows relevancy, "the burden shifts to the party resisting discovery to demonstrate 'why the request is unduly burdensome or otherwise not discoverable.'"  *First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235-SHL-DKV, 2016 WL 5869580, at *4 (W.D. Tenn. Oct. 5, 2016) (quoting *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 310 (W.D. Tenn. 2008)).

As noted above, Plaintiff seeks to compel discovery of:  (1) "Grassroots' Webinar Invitations to Tennessee Parties" in PDF format; (2) "any data . . . tending to show the geographic location of [Webinar] registrants;" and (3) "any and all Social Media posts" by Defendant Bennett "that reference Polyloom Corporation of America, Polyloom, TenCate Grass North America, or TenCate."  (Doc. 56, at 7–13 (internal quotations omitted).)  The Court will address each dispute in turn.

First, Plaintiff argues that Grassroots did not fully respond to its request for production of promotional materials related to the webinar and argues that Grassroots must produce "the actual [promotional] emails (in PDF form)" that it sent regarding the Webinar.  (Doc. 56, at 7–11.)  In its response to the motion to compel, Grassroots states that it has now provided the requested email in PDF form.  (*See* Doc. 57, at 1–2.)  Accordingly, Plaintiff's motion to compel the production of the email in PDF form is moot.  Insofar as Plaintiff is seeking other, unspecified,

3

promotional materials, there is no reason to believe that such materials exist[1] and Plaintiff's motion to compel is denied.[2]

Second, Plaintiff argues that Grassroots is required to produce information regarding the location of the Webinar's registrants. (*See* Doc. 56, at 11–13.) In response to Plaintiff's request for production, Grassroots stated that "[it] did not inquire about the location of registrants, and upon information and belief, Zoom does not track or report the location of the Webinar registrants." (Doc. 55-2, at 6.) Grassroots' answer was simple: it did not have the information Plaintiff was seeking. Nonetheless, Plaintiff argues that Grassroots should be required to provide a complete list of webinar registrants, their names, their email addresses, and any other potential identifying information in case that information happens to reveal their location. (*See* Doc. 56, at 12.) In granting limited jurisdictional discovery, the Court noted that "Plaintiff may not seek electronically stored information about . . . Webinar registrants." (Doc. 52, at 11.) A request to produce "*any data* . . . tending to show the geographic location of [Webinar] registrants" is tantamount to a request for electronically stored information of the Webinar registrants. (Doc. 56, at 12 (emphasis added).) The Court has been clear that this request "is overly broad and burdensome." (Doc. 52, at 11 (citing Fed. R. Civ. P. 26(b)(2)).) Accordingly, Plaintiff's motion to compel is denied insofar as it seeks such data.

Third, Plaintiff argues that Defendant Bennett did not fully respond to an interrogatory asking her to "[i]dentify and describe any and all of [her] Social Media posts, reposts, comments,

---

[1] Defendants state that Grassroots "sent out one email to fifteen hundred (1500) recipients." (Doc. 57, at 2 n.1.)

[2] The Court notes that the amended complaint alleged that the webinar was publicly promoted and that "Plaintiff received the marketing and promotional information relating to the [Webinar] in Tennessee." (*See* Doc. 28.) Accordingly, Plaintiff should already have the materials it seeks.

4

shares, threads, likes, messages, or message responses that reference Polyloom Corporation of America, Polyloom, TenCate Grass North America, or TenCate." (Doc. 55-4, at 4 (internal quotations omitted).) Plaintiff argues that, while Bennett produced one instance in which she reposted an article mentioning TenCate, Plaintiff has discovered "at least one other social-media post for a different day in 2024 in which she mentioned TenCate." (Doc. 56, at 14.) The Court has reviewed Plaintiff's exhibits and agrees that Bennett must supplement her response to include the additional social media post Plaintiff has identified as well as any other posts referencing Polyloom Corporation of America, Polyloom, TenCate Grass North America, or TenCate.[3] The materials Plaintiff requests are relevant and within the scope of the Court's previous order.

### III.  CONCLUSION

For the above reasons, Plaintiff's motion to compel (Doc. 55) is **GRANTED IN PART** and **DENIED IN PART**. **On or before July 11, 2025**, Bennett **SHALL** supplement her response to Interrogatory Number 5 to include any additional social media posts in which she referenced Polyloom Corporation of America, Polyloom, TenCate Grass North America, or TenCate. Plaintiff's motion is denied insofar as it seeks to compel any additional discovery.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[3] Defendants suggest that, because Bennett's social media posts are public, Plaintiff already has access to the information it seeks. (*See* Doc. 57, at 5.) However, as Plaintiff points out, social media platforms have privacy settings which may result in some posts being unavailable to the public. (*See* Doc. 56, at 14.) Accordingly, it is appropriate for Bennett to supplement her response to either include additional posts or to state that no additional posts exist.